IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| IVO PEREZ, JR., | § | |
|     Defendant-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-97-267 |
| VS. | § | |
| | § | CRIMINAL NO. B-94-181 |
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ivo Perez, Jr. ("Perez") has filed an amended 28 U.S.C. § 2255 petition (Docket No. 2) seeking to set aside his 240 month sentence for possession with intent to distribute marijuana and conspiracy to possess with intent to distribute marijuana. The government has filed a Response to Motion for Relief under 28 U.S.C. § 2255 and Motion to Dismiss (Docket No. 5). For the reasons set forth below, the government's motion should be granted.

### BACKGROUND

Perez was found guilty by a jury of three counts of possession with intent to distribute and conspiracy to possess with intent to distribute marijuana. His conviction was affirmed *sub nomine United States v. Cisneros*, 112 F.3d 1272 (5th Cir. 1997).

Perez and others were charged in a lengthy indictment with extensive involvement in marijuana trafficking. Prior to the trial, the trial judge determined that there was a conflict of interest which required disqualification of Perez's lawyer. After denying a Motion for Continuance by DeLeon's new lawyer, the case went to trial. Guilty verdicts against Perez and the other two defendants were returned.

The facts of the underlying case are complicated, not germane to the issues raised by Perez in his petition, and familiar to the Honorable Filemon B. Vela who presided over the trial of this case. Suffice it to say that Perez was drawn into a scheme to transport marijuana through South Texas by using ranch roads and trucks painted to appear like those belonging to oil field service companies.

## THE § 2255 PETITION

In his amended § 2255 Petition, Perez makes the claims that his attorney was ineffective due to his inadequate cross examination of one of the witnesses, failure to challenge an enhancement for being an "organizer" and failure to challenge the criminal history classification assigned to him.

## RECOMMENDATION

In his direct appeal, *United States v. Cisneros,* 112 F.3d 1272 (5th Cir. 1997), Perez challenged the sufficiency of the evidence. The Fifth Circuit held those arguments without merit, 112 F.3d at 1281-1283 n.12.

The Amended § 2255 petition argues that Perez's attorney did not cross examine one of the government's witnesses adequately to show bias. This witness' testimony was attacked at length by all the defendants. The arrangements he had with the government were fully developed in front of the jury. 112 F.3d 1272, 1283. Nothing more is required, *United States v. Jaras,* 86 F.3d 383, 387-388 (5th Cir. 1996).

In his § 2255 Motion, Perez reurges a contention he made on direct appeal, that is that his Speedy Trial Act rights were violated. The Fifth Circuit held that requiring his lawyer to go to

2

trial with less than thirty days preparation was a violation of the Speedy Trial Act, but that no harm came from that violation *Cisneros,* 112 F.3d at 1277.

Perez's unintelligible claims with respect to newly discovered evidence are barred by the rule which states that § 2255 relief is not available to raise a collateral challenge to an issue which should have been raised on direct appeal unless the movant can demonstrate some cause for failing to raise that issue. Perez has not done this. Additionally, he has not made a showing of prejudice. *United States v. Shaid,* 937 F.2d 228 (5th Cir. 1991) *en banc.*

Perez's guideline application claims are not cognizable in a § 2255 action. *United States v. Vaughn,* 955 F.2d 367 (5th Cir. 1992).

Finally, there is absolutely nothing in this case which reflects that Perez' counsel was ineffective under the *Strickland v. Washington,* 466 U.S. 668 (1984) test which requires a showing of below par performance and prejudice.

IT IS THEREFORE **RECOMMENDED** that the government's Motion for to Dismiss be **GRANTED** and that Ivo Perez, Jr.'s Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district Court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of July 1999.

					_____
					**John Wm. Black**
					**United States Magistrate Judge**